**FILED**

**November 12, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 10:11 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Katherine Perrault | ) | Docket No. 2015-02-0210 |
| | ) | |
| v. | ) | |
| | ) | State File No. 51173-2015 |
| Gem Care, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Remanded – November 12, 2015

---

In this interlocutory appeal, the employee alleges she developed a hiatal hernia, hemorrhoids, and acute appendicitis as a result of an incident of heavy lifting at work. The employer denied her claim, asserting there was no evidence that her alleged medical conditions arose primarily from the reported episode of heavy lifting at work. Following an expedited hearing, the trial court declined to order temporary disability or medical benefits, concluding that the employee had not met her burden of showing that she is likely to prevail at a hearing on the merits. Having carefully reviewed the record, we affirm and remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

William F. Evans, Clinton, Tennessee, for the employee-appellant, Katherine Perrault

Joseph Lynch, Knoxville, Tennessee, for the employer-appellee, Gem Care, Inc.

## Factual and Procedural Background

The employee, Katherine Perrault ("Employee"), a forty-six-year-old resident of Jefferson County, Tennessee, was employed by Gem Care, Inc. ("Employer"), a staffing agency. On May 4, 2015, Employee was assigned to work at Timken, a manufacturing facility, as an unloader and press operator. On Monday, June 8, 2015, while lifting a metal cast onto a machine, she felt pain under her breastbone as well as an urgent need to use the restroom. Employee testified that following the incident, which occurred approximately one hour after her shift started, she experienced multiple episodes of rectal bleeding throughout her shift. She was able to complete her shift that day but sought assistance from co-workers when heavy lifting was required.

Employee did not report this incident to her supervisor or the on-site Gem Care representative, Iris Jordan, on the day of its occurrence. The following day, she called and texted Ms. Jordan to inform her that she was going to an emergency room due to rectal bleeding and vomiting and that she would not be at work that day. Employee acknowledged that she did not tell Ms. Jordan she believed this to be a work-related condition at that time. The plant was closed Wednesday through Friday that week.

Employee alleged that she reported her condition as a work-related injury on Monday, June 15, 2015, during a telephone conversation with Ms. Jordan, who admitted that Employee alleged she was told by her physician that "it was because of lifting heavy weights." Ms. Jordan also acknowledged that, as a result of the June 15 telephone conversation with Employee, she completed a work accident report. No panel of physicians was provided to Employee.

When Employee reported to the emergency room the day after the alleged incident, she was evaluated by Dr. Jill Robinson. Dr. Robinson noted a history of rectal bleeding "off and on *x* 1 year" and "solid problems with the bleeding for the past 5 days." During her testimony, Employee denied or did not recall making these statements. In a consultation report completed by Dr. Linas Adams, he noted, "[s]he apparently has been passing this blood on and off now for well over a year according to her husband and herself . . . ." Both Employee and her husband denied making these statements to Dr. Adams.

Employee was hospitalized for two days immediately after the alleged work incident. Due to a family history of colon cancer, Employee was unsure of the cause of her rectal bleeding during her hospitalization. However, after a conversation with Dr. Adams, she came to believe her condition was a work-related injury due to the pain and symptoms she experienced after lifting the metal cast on June 8. Employer did not authorize any medical treatment or pay any workers' compensation benefits. Employee did not return to work for Employer.

Thereafter, Employee filed a Petition for Benefit Determination seeking temporary disability and medical benefits. Following unsuccessful mediation efforts, a Dispute Certification Notice was issued listing compensability, medical benefits, and temporary disability benefits as disputed issues. Employee then filed a Request for Expedited Hearing, with an affidavit, which sought a decision from the trial court without an evidentiary hearing. Although the record is silent on this issue, the trial judge apparently determined that the case merited an in-person evidentiary hearing, as one was conducted on September 18, 2015. The trial court then issued an Expedited Hearing Order Denying Requested Benefits, concluding that Employee "has not come forward with sufficient evidence at this time from which the Court can determine she is likely to succeed at a hearing on the merits." Employee appealed, and the record was received by the Clerk of the Workers' Compensation Appeals Board on November 4, 2015.

## Standard of Review

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27,

3

2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

In cases involving an alleged hernia, a trial court must also consider the requirements of Tennessee Code Annotated section 50-6-212(a) (2014). That section expressly applies "in all claims for compensation for hernia or rupture" and includes five elements, which "must be definitely proven to the satisfaction of the court:"

(1)     There was an injury resulting in hernia or rupture;
(2)     The hernia or rupture appeared suddenly;
(3)     It was accompanied by pain;
(4)     The hernia or rupture immediately followed the accident; and
(5)     The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2014). Moreover, unlike hernia claims which arose prior to July 1, 2014, the hernia must arise "*primarily* out of and in the course and scope of the employee's employment." *Id.* (emphasis added).

In the present case, Employee has alleged three distinct medical conditions which she contends are related to the lifting incident at work on June 8, 2015: a hiatal hernia, hemorrhoids, and appendicitis. With respect to the hemorrhoids and appendicitis, Employee had the burden at the expedited hearing to come forward with sufficient evidence that she is likely to prove at a hearing on the merits that those conditions arose primarily from the lifting incident at work. With respect to the hiatal hernia, Employee also had to come forward with sufficient evidence that she is likely to prove the five elements mandated by section 50-6-212.

In its expedited hearing order, the trial court concluded that Employee's testimony "is insufficient to establish she suffered a work-related injury." In so holding, the trial court emphasized several inconsistencies between Employee's testimony and the recorded histories as reflected in the medical records, concluding that "[t]he variations in the extent and length of her prior medical conditions and any possible connection to her present alleged injury are too significant to ignore." Such determinations of witness credibility are entitled to deference on appeal. *Townsend v. State*, 826 S.W.2d 434, 437 (Tenn. 1992); *Durant v. Saturn Corp.*, No. M2003-00566-WC-R3-CV, 2004 Tenn. LEXIS 353, at *9 (Tenn. Workers' Comp. Panel Apr. 30, 2004). We conclude from our review of the record that the evidence does not preponderate against this finding.

4

Moreover, with respect to the alleged hiatal hernia, Employee presented no testimony or other evidence indicating that the hiatal hernia "appeared suddenly" or that it "immediately followed the accident" as required by Tennessee Code Annotated section 50-6-212(a). This lack of evidence supports the trial court's conclusion that Employee failed to meet the standard of proof required at an expedited hearing.

As we have explained previously:

> [M]ere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented. If an employer chooses to deny the claim following its initial investigation, the employee must come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable "injury by accident" at a hearing on the merits in accordance with section 50-6-239(d)(1).

*McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13. Based on our review of the record in this case, we cannot conclude that the evidence preponderates against the trial court's determination.

## Conclusion

The trial court's expedited hearing order denying medical and/or temporary disability benefits is affirmed. This case is remanded to the trial court for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

5



**FILED**

**November 12, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:11 AM**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Katherine Perrault | ) | Docket No.  2015-02-0210 |
| | ) | |
| v. | ) | |
| | ) | State File No.  51173-2015 |
| Gem Care, Inc. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **William Evans** | | | | | X | williamevansesq@gmail.com |
| **Joe Lynch** | | | | | X | jlynch@wimberlylawson.com |
| **Brian Addington** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov